### Henry D. Laughlin, et al., v. David S. Geer.
### Gen. No. 12,406.

1. DIRECTORS—*power of removal vested in, construed.* The power of removal vested by statute in the directors of a corporation does not extend to the removal of one of their own number.

2. BY-LAW—*authorizing removing of a director by the directors, invalid.* A by-law giving the directors power to remove one of their number in specified contingencies is illegal and void.

3. INJUNCTION—*lies to restrain removal of director.* An injunction lies at the instance of a director to restrain the board of directors of which he is a member from removing him from office.

Appeal from interlocutory order granting injunction. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed July 11, 1905.

**Statement by the Court.** This is an appeal from an order granting an interlocutory injunction entered on

March 13, 1905. Notice of the application for the order
was given to the defendants Henry D. Laughlin and Smith
E. Allison. No notice was given to the other defendants,
Owen H. Fay, John G. Sanborn and H. M. Perry. The
motion was heard upon the verified bill of complaint and
the verified answer of Smith E. Allison.

From the bill and answer it appears that the National
Hollow Brake Beam Company is an Illinois corporation;
and that prior to the dates hereinafter mentioned the cor-
poration had adopted the following by-law, designated as
section 12, article 11 of its by-laws:

"Sec. 12. If any member of the board of directors shall
be guilty of fomenting or encouraging litigation against
the company, or become disloyal to its interests; or who
shall wilfully and for the purpose of defeating or breaking
a quorum leave the place of meeting, or remain away from
a meeting of the board, or who shall persistently use his
office or vote to obstruct or defeat the transaction of the com-
pany's business, or for the promotion of any sinister, base
or selfish purpose hostile to the company's interest or for
his own gain, or who shall' accept or continue to hold the
office of director in any company or corporation in litiga-
tion with this company; anyone so offending or acting or
situated shall be deemed an unfit person to be elected to or
to longer hold the office of director in this company, and
may be by the board removed from the office of director for
cause, and his place filled as other vacancies are filled."

On the 9th day of November, 1904, the complainant
David S. Geer was elected a director of the company, and
entered upon the duties of such director and continued to
act as such up to the time of the filing of the bill in this
case.

There was pending in the Circuit Court of Cook county
a suit, wherein the company was complainant and one Ed-
ward B. Leigh and others were defendants, brought for the
purpose of restraining the defendants in that suit from

wrecking the National Hollow Brake Beam Company in
the interests of the Chicago Railway Equipment Company.
In that suit the complainant in this case, on December 27,
1904, filed a cross-bill wherein he alleged under oath that
the National Hollow Brake Beam Company had ceased
to do business, had forfeited its right to exist longer as a
corporation, and prayed the court to take charge of it, wind
up its affairs, to prohibit it from longer exercising its func-
tions or franchise as a corporation. A decree was after-
wards entered in that case by the Circuit Court adjudging
that the defendants therein had been guilty of the acts
charged against them in the bill of complaint.

On January 18, 1905, a meeting of the directors of the
National Hollow Brake Beam Company was held, all of
the directors being present except Leigh. The president
of the company, Mr. Laughlin, reported to the directors
the facts as to the filing of the above mentioned cross-bill
against the company by complainant Geer and the aver-
ments and prayer of the cross-bill, and claimed that such
act was an act of disloyalty to the company and to the trust
reposed in him as a director, and that it was a flagrant vio-
lation of section 12 of article XI of the by-laws of the com-
pany. Thereupon the president preferred charges against
Geer and moved the adoption of the following order:

"*Ordered*, that the report of Mr. Laughlin be received
and filed, and that David S. Geer be notified in writing of
the charge preferred against him, and that he is required
to make answer thereto before the board at its stated meet-
ing, to be held on the 14th of March, 1905, at 10:30 A. M.
of that day, and that he then and there show cause why he
should not be removed from his office of director as a person
unfit to longer hold the office; and be it further ordered,
that the secretary serve, or cause to be served, on Mr. Geer
by delivering to him a copy of this report and order, noti
of this proceeding, more than ten days prior to said 14t.
day of March, 1905.

"That said motion was duly seconded by Director San-

born, and thereupon was put to vote, and the secretary called the roll, and the vote was five directors voting in favor of said resolution, and said Director Geer voting against it, whereupon the said motion was declared adopted."

This order was adopted, all of the directors present except Geer voting in favor of it. Geer voted against it. The order was then served upon Geer and he was required to show cause before the board of directors on the day named therein.

Geer then filed the bill of complaint in this cause and obtained the injunction restraining the defendants from expelling him as a director of the National Hollow Brake Beam Company until the further order of court.

SHOPE, MATHIS, ZANE & WEBER and DE FREES, BRACE & RITTER, for appellants.

JOHN P. AHRENS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellants contend that the by-law in question is valid under the statute, and at common law; and secondly, that a court of equity is without jurisdiction to enjoin the proceedings of the board of directors.

Section 6, chapter 32, of the statute provides that "the directors or managers  *  *  *  may remove any officers when the interests of the corporation shall require." The question arises under this statute, and the facts set forth in the pleadings, whether a director of a corporation is an officer of the corporation, and may be removed from office by the board of directors, under this provision of the statute. In our opinion he is an officer of the corporation, but he is not such an officer as may be removed under the power given by the statute.

The officers of a corporation formed under the act are declared to be, in the above mentioned section, "a president, secretary and treasurer, and such other officers and

agents as shall be determined by the directors and mana-
gers." These are the officers referred to as subject to re-
moval in the subsequent clause of the section above quoted.
By no reasonable construction of the language of the sec-
tion can it be made to include the directors as subject to
removal by the directors or managers. The directors of in-
corporated companies are the representatives of the stock-
holders selected by them under a right guaranteed by the
constitution. Article XI of the constitution provides "that
in all elections for directors or managers of incorporated
companies every stockholder shall have the right to vote in
person or by proxy the number of shares owned by him,
for as many persons as there are directors or managers to
be elected, or to cumulate said shares and give one candi-
date as many votes as the number of directors multiplied
by the number of his shares of stock shall equal, or to dis-
tribute them on the same principle among as many candi-
dates as he shall think fit; and such directors or managers
shall not be elected in any other manner." Clearly the
object of this provision was to guard the rights of minority
stockholders in corporations organized under the laws of
this state. The legislature had this constitutional provision
in mind in adopting our General Incorporation Act. The
language of section 6 of the Act clearly discriminates the
directors from the general officers of a corporation. Direc-
tors are charged with the exercise of the corporate powers
and as a part of those powers may choose or appoint officers
or agents, who may be removed by them when the interests
of the corporation require. But the board of directors may
not nullify the constitutional right of a stockholder to
choose whomsoever he may think proper to represent him
on the board of directors. If a board of directors could
legally remove a member either with or without a by-law,
such as was adopted by the National Hollow Brake Beam
Company and under which the defendants were assuming
to act, a power most dangerous to the minority stockhold-
ers would be lodged with the majority stockholders which
would enable them through the action of the directors

chosen by them to re-constitute the entire directory of a corporation as completely as if they owned every share of stock. This is not their right, nor have they this power, under the law of this state. We do not doubt that the complainant, being a director of the National Hollow Brake Beam Company, is an officer of that company in a broad and comprehensive sense, but he is not such an officer as is contemplated in that clause of the statute conferring the power of a motion.

In Cook on Corporations, vol. 2, sec. 711, the author says: "The term of office of director is usually fixed by the charter of the corporation or the statutes applying to it. Such being the case, a director having been elected is entitled to hold his position until the expiration of his term of office. He cannot be turned out either by the stockholders, or the directors, or by a court. Sometimes, however, the charter, statutes or by-laws authorize and empower the stockholders to remove directors at any time."

As we have seen no such power is given in the statute.

If the board of directors of a corporation organized under the laws of this state have not the power to remove a director duly elected and serving, it has no power to adopt a by-law for that purpose. The section of the by-laws, therefore, under which the defendants were proceeding to remove the complainant is, in our judgment, void.

The fact that this section of the by-laws was adopted by a majority vote of all the stockholders of the company does not make it binding upon the complainant, by the principle of estoppel, for he is not shown to have participated in its adoption, or to have assented to it. Hence, People v. Sterling et al., 82 Ill., 457, cited by appellants, is not in point.

In People v. Higging, 15 Ill., 110, cited by appellants, the question was presented as to whether the trustees of the Illinois State Hospital for the Insane had the power to remove the medical superintendent of the institution, and it was held that the power was conferred upon the board of trustees. That, however, is a very different question from the one now under consideration, and the decision in that

case cannot be regarded as an authority applicable to this case.

Without stopping further to discuss the authorities cited by appellants in detail it must suffice to say that they relate to different kinds of corporations from the one in question, or to the amotion of other officers than directors in a stock company, or decide different questions from those presented in the case at bar.

We entertain no doubt that a court of equity has jurisdiction to prevent the illegal action of the board of directors contemplated in the proceedings to remove complainant. If carried out to its final conclusion it would result in a continuing injury to complainant and a continuing deprivation of his right in the future to sit as a member of the board of directors. A court of equity has the authority to interpose by its restraining power, and to give the preventive relief proper in such cases. Brunnenmeyer v. Buhre, 32 Ill., 183.

The order granting the injunction is affirmed.

*Affirmed.*