## RAUB v. GERKEN et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. CORPORATIONS—OFFICERS AND AGENTS—SUPERVISION OF OFFICIAL ACTS BY COURTS.

    The power of courts to supervise the affairs of corporations extends to the investigation of their proceedings for the purpose of protecting the rights of members against the usurpation of the governing body.

2. SAME—BY-LAWS—POWER TO PASS—BY-LAWS NOT INCONSISTENT WITH "EXISTING LAW."

    General Corporation Law, Laws 1890, p. 1062, c. 563, § 8, as amended by Laws 1892, p. 1804, c. 687, and Laws 1895, p. 450, c. 672, provides that every corporation as such has power, though not specified in the law under which it is incorporated, to make by-laws, not inconsistent with any "existing law," for the management of its property, regulation of its affairs, etc. *Held*, that the term "existing law" has reference, not only to statutes, but as well to decisions of the court as to what powers a corporation may or may not possess, where the subject is not covered by statutory enactment.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2586.]

3. SAME—DIRECTORS—POWER TO EXPEL FELLOW DIRECTOR.

    Where there was no provision in the articles of incorporation of a business corporation nor in its by-laws endowing the directors with power to expel a fellow director from the board, they had no such power in the absence of specific statutory authority, and hence had no power to amend the by-laws giving the directors that power.

Appeal from Special Term, Kings County.

Action by Herman Raub against John Gerken and others. From an order denying a motion to make permanent an injunction order pendente lite, plaintiff appeals. Reversed, and motion granted.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Le Roy D. Ball, for appellant.
Arthur J. Westermayr, for respondents.

HOOKER, J. This appeal from an order denying the plaintiff's motion to make permanent an injunction order pendente lite restraining the individual defendants, plaintiff's co-directors in the defendant corporation, from depriving plaintiff of his position as a director of the corporation, and from interfering with him to prevent his performing his duties as such director, squarely brings up for decision the question of law whether the plaintiff's fellow directors have the power to enact the by-law in question and expel the plaintiff as such director. Recourse is justly had to the courts; for it is said:

"The visitorial supervision inherent in the courts [when not regulated by statute] over the affairs of public or private corporations extends to the in-

vestigation of their proceedings for the purpose of keeping them within their chartered powers and protecting the rights of members against usurpation of the governing body to their prejudice." People ex rel. Johnson v. N. Y. Produce Exchange, 149 N. Y. 401–409, 44 N. E. 84, 85.

Plaintiff had been duly elected and was acting as director of defendant corporation., During the term for which he was elected and while he was acting as such director his conduct, in its attitude towards the business of the defendant corporation, was the subject of severe criticism by many of his fellow directors. On September 10, 1907, at a regular meeting of the board of directors of the defendant corporation, the following amendment to the by-laws of the corporation was adopted; the plaintiff not voting in favor thereof:

"Any director may be expelled from the board of directors, by a majority vote thereof, at any regular or special meeting, called for that purpose, who, as such director, shall be guilty of such conduct inimical to the best interests of the company, or shall represent in any manner whatsoever, or be identified with in any manner, a rival concern, whether in the brewing or other line of business."

Prior to this attempted amendment of the by-laws, there was nothing therein contained giving to the board of directors power to expel a fellow director; nor, so far as appears, was there any provision in the articles of incorporation endowing the directors with this power. After the adoption of this amendment, notice was given to the plaintiff that at the next meeting of the directors of the defendant company, to be held on October 9, 1907, at 3 p. m., at the brewery office, charges would be presented against him under the amendment, which was quoted, and the notice specified some 12 charges against him. He appeared at the time mentioned in the notice, and protested against the authority of the board of directors to expel him as a director. The defendants proceeded over his protest, however, and adopted a resolution expelling him from the board of directors and declaring his position on the board vacant. ·

The court at Special Term in denying the motion of the plaintiff to make the injunction order permanent stated that the defendants had the right to remove the plaintiff from the board of directors under the provision of section 8, subd. 5, chapter 563, p. 1062, Laws 1890, as amended, and that the amendment of September 10, 1907, of the by-laws of defendant company, was not inconsistent with any existing laws of this state for the management of its property or the regulation of its affairs. The statute referred to by the Special Term is section 11 of the general corporation law (Laws 1890, p. 1062, c. 563, as amended; Laws 1892, p. 1804, c. 687; Laws 1895, p. 450, c. 672). That section provides as follows:

"Grant of General Powers. Every corporation as such has power, though not specified in the law under which it was incorporated: * * * To make by-laws, not inconsistent with any existing law, for the management of its property, the regulation of its affairs, and the transfer of its stock, if it has any and the calling of meetings of its members. Such by-laws may also fix the amount of stock, which must be represented at meetings of the stockholders in order to constitute a quorum, unless otherwise provided by law. By-laws duly adopted at a meeting of the members of the corporation shall control the action of its directors. No by-law adopted by the board of directors regulating the election of directors or officers shall be valid unless

published for at least once a week for two successive weeks in a newspaper in the county where the election is to be held, at least thirty days before such election."

It must, of course, be apparent that, when this statute provides that a corporation has power as such to make by-laws not inconsistent with any existing law, the term "existing law' has reference not only to statutes, but as well to decisions of the court in respect to what powers a corporation may possess or may not possess, where the subject is not covered by statutory enactment; for a by-law must not be at variance with the law of the land.

It is to be noticed that there is no statutory provision in this state granting to directors the power to remove co-directors in the absence of provision in the fundamental law which governs the corporation affairs, namely, its articles of incorporation or by-laws adopted by the stockholders themselves. We deem the rule to be that in the absence of any specific statutory authority, and in the absence of provisions in the articles of incorporation or in by-laws duly adopted by the stockholders of the corporation providing therefor, the board of directors of a business corporation, which this is, has no power to expel from the board of directors a fellow director, and hence no power to pass a valid amendment to the by-laws under and by virtue of which the directors may assume to exercise that power.

It is stated in Beach on Private Corporations, § 223:

"Directors themselves have no implied power to remove one of their own number from office even for cause; nor to exclude him from taking part in their proceedings; and one whom they attempt to exclude is entitled to an order restraining them from so doing."

Mr. Cook goes further than this, and states in his work on Corporations (5th Ed.) § 711:

"The term of office of directors is usually fixed in the charter of the corporation or the statutes applying to it. Such being the case, a director having been elected is entitled to hold his position until the expiration of his term of office. He cannot be turned out either by the stockholders, or the directors, or by a court."

It is stated in a well-written article on the law of corporations in 10 Cyc. 743:

"It may be stated with confidence, on the analogies of the common law, that the removal of the directors or trustees of a corporation is a constituent act which can be performed only by the constituent body—that is to say, in joint-stock corporations by the shareholders only—and that, in the absence of express statutory authorization thereto, directors cannot remove each other, although (referring to the statutes of the State of Washington) there are statutes changing this rule and conferring the power of removal upon the board of directors, generally to be exercised by a two-thirds vote. Nor can a board of directors create a vacancy in their board by ousting a director whom they may regard as ineligible, although it seems that they may decide and settle the actual fact of the existence of a vacancy for the purpose of filling it, and that this is the extent of their power."

In People ex rel. Muir v. Throop, 12 Wend. 183, the defendant as cashier of the Cayuga County Bank had refused to permit a director to inspect the discount book, and this conduct on the part of the cashier had been approved by resolution on the part of the board of di-.

rectors of the bank. It was held that the board of directors were without authority to pass a resolution excluding one of its members from an inspection of its books, although they believe he was hostile to the interests of the institution, and mandamus was granted commanding the cashier to submit the book for inspection of the director who had been placed under the ban. In Imp. Hydro. Hotel Co. v. Hampson, 23 Chancery Div. 1, it was said that, in the absence of statute or contract provisions contained in the articles of incorporation, there is no power, even in stockholders, to remove directors of corporations created under the companies act of 1862, which permitted and provided for the creation of business corporations. In Laughlin v. Geer, 121 Ill. App. 534, it was pointed out that the statutes of the state of Illinois provided that the directors or managers of a corporation might remove any of its officers when the interests of the corporation so required. It was decided that a director was an officer of the corporation, but not such an officer as might be removed under the power given by statute. In that case a by-law had been passed by the stockholders in the absence of the complainant Geer, giving to the directors power to remove one of their number in certain contingencies. In declaring that such a by-law at common law was illegal and void, the court said:

"But the board of directors may not nullify the constitutional right of a stockholder to choose whomsoever he may think proper to represent him on the board of directors. If a board of directors could legally remove a member either with or without a by-law, such as was adopted by the National Hollow Brake Beam Company and under which the defendants were assuming to act, a power most dangerous to the minority stockholders would be lodged with the majority stockholders, which would enable them through the action of the directors chosen by them to reconstruct the entire directory of a corporation as completely as if they owned every share of stock. This is not their right, nor have they this power, under the law of this state."

Our conclusion must be that the act of the individual defendants as directors of the defendant corporation in passing the by-law and expelling the plaintiff from the board was illegal and void. The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to continue the injunction granted, with $10 costs. All concur.