PHILIP HILTON

*v.*

JOSEPH HILTON.

[Decided January 11th, 1919.]

1. The use of the designation "Jos. Hilton & Co." under the circumstances of this case, is a violation of an injunction restraining the use of the name "Hilton's" or "Hilton" either alone or in conjunction with other words, &c., in such manner as to confuse the public, &c.

2. While the rule may be that the similitude must be sufficient to confuse an ordinarily prudent man, the test of care or prudence is the precaution that an ordinary man would take in reference to the particular subject-matter.

3. The gravamen of an unfair competition case is the injury likely to be done complainant, not the likelihood of injury to the public. The careless of the public may not be entitled to protection, but if the business of the parties is such as caters to the careless, complainant may be entitled to protection against their being deceived.

4. The proceedings to punish for contempt being in the nature of execution, no greater proof is necessary than was necessary to secure the injunction in the first instance.

5. In an unfair competition case proof of actual confusion is not necessary, nor is it on proceedings to punish for contempt.

6. Form of order in contempt proceedings for violation of injunction in unfair competition case settled.

On proceedings to punish for contempt.

*Messrs. Pitney, Hardin & Skinner (Mr. Hardin, Mr. Skinner* and *Mr. Ward)*, for the complainant.

*Mr. Selick J. Mindes* and *Mr. Robert H. McCarter,* for the defendant.

LANE, V. C.

The application is for an order adjudging respondent in contempt for acts alleged to constitute a violation of an injunction of this court and to punish him therefor.

On July 18th, 1918, respondent was enjoined by a decree of this court entered on *remittitur* from the court of errors and appeals "from using the name 'Hilton's' or 'Hilton,' alone or in conjunction with other words, in such manner as to lead or induce the public to believe that the goods manufactured or sold by him are manufactured or sold by complainant, and that the business conducted by defendant is the same as or a part of the business conducted by complainant, from using any emblem or device resembling the trade emblem of complainant in any way in his business and from conducting his business so as to deceive the public and induce it to believe that the goods manufactured or sold by defendant were manufactured or sold by complainant, and that the business conducted by defendant is the same as or a part of the business conducted by complainant."

The question is one solely of fact. The legal and equitable rights of the parties have been settled by the final decree.

An extended argument was made in an attempt to show that the opinion of the court of errors and appeals indicated that the law was otherwise than as considered by this court on the determination of the main cause. An examination of the opinion of this court in the main cause and of the opinion of the court of errors and appeals will indicate that the view of this court as to the law was not otherwise than as indicated by the court of errors and appeals. This court never assumed that it might with propriety enjoin the use by a man of his name except where he was using it in his business in such a manner as to deceive the public, palm off his goods as the goods of another or lead the public to believe that his business was that of or a part of that of another. As I indicated in *Hilton* v. *Hilton,* in previous contempt proceedings (*89 N. J. Eq. 417*), I conceive that the difference between the court of errors and appeals and this court was

one of fact. I assumed that the word "Hilton" or "Hilton's" could not be used in a competitive business, practically, without deceiving the public. It was for this reason that I advised the final decree so wide in its scope. With this view the court of errors and appeals differed. As I conceive it, the only question before me now is whether or not defendant is so using the word "Hilton" alone or in conjunction with other words and is so conducting his business as either to lead or induce the public to believe that the goods manufactured or sold by him are manufactured or sold by complainant, or that the business conducted by defendant is the same as or a part of the business conducted by complainant, and that this is a question of fact.

The final decree has the effect of an adjudication that the manner in which the business was being conducted at the time it was made was within the ban of the injunction. After the final decree was entered and served, defendant changed his signs by adding the words "J. Hilton, Prop." Upon application to punish him for contempt, I found that the additional words "J. Hilton, Prop.," did not save the situation, for the reasons which I then indicated. *89 N. J. Eq. 417.* After the adjudication of contempt, defendant again changed his signs and now uses the term "Jos. Hilton & Co." to designate his business. He had altered his signs so that they are as dissimilar as they can be from the signs of complainant, and yet have thereon the words I have indicated, and not have thereon words drawing attention to the fact that they are not the stores of the established Hilton Company. The store dressings, &c., are precisely the same as they were at the time the main cause was determined, so that to outward appearances the stores of the Hilton Company and Joseph Hilton look the same, as in the nature of things they must. The labels of defendant have been changed so that they are dissimilar from labels of complainant, and the remarks which I have made with respect to the signs apply to them. There is in this case the same kind of evidence as there was in the main case as to confusion. Customers have come into the Hilton Company stores believing they were in the stores of Joseph Hilton. Mail has been received by the Hilton Company intended for Joseph Hilton. Mistakes have been made by individuals desiring to

communicate with Joseph Hilton by telephone. A witness produced by defendant himself testifies that, although he was familiar with the stores of complainant and defendant he did not know, until advised by a salesman in the employ of defendant, that all of the stores were not operated by one concern. Defendant insists that he is not responsible for mistakes due to carelessness and relies upon *Rosenthal* v. *Blatt, 80 N. J. Eq. 90.* What Vice-Chancellor Leaming there said was that "concrete instances of confusion which can only be appropriately attributed to extreme carelessness or inattention on the part of customers are clearly inadequate to establish a similitude which does not in fact exist." He then said that he was unable to believe that the manner in which the name "Page of London" was being used by defendant in that case was operative to deceive or mislead any reasonable persons. The rule, of course, is that the similitude must be sufficient to confuse an ordinarily prudent man, but the test as to the care or prudence is not the precautions which a reasonably prudent man would take when investing money, or what not, but the precautions which he would take ordinarily in determining, in buying a suit of clothes, that he was in the store he thought he was in. An ordinary individual, I think, in making up his mind as to whether he is in a store operated by a certain concern, the name of which he knows, gives but a cursory glance to the sign. If the most prominent word in the name of the operator of the store he desires to enter appears prominently over the store of a competitive business, he is quite likely to assume that the stores are operated by the same concern. The name "Hilton" is the same prominent feature of complainant's designation as it is of defendant's. There is no distinction, I think, in the public mind between the word "company" written out and "Co." Defendant in his designation has retained the most prominent name in complainant's designation; has substituted for the word "the" the diminutive "Jos."; has substituted for "company" written out the designation "Co.," and has put between "Hilton" and "Co." the symbol "&." The gravamen of the case is the injury likely to be done complainant, not the likelihood of injury to the public. The careless of the public may not be entitled to protection, but if the business of the

parties is such as caters to the careless, complainant is entitled to protection against their being deceived. Defendant is not attempting to use his own name "Joseph Hilton" alone. What he is doing is using a trade designation which contains a part of his own name in conjunction with another word also a part of complainant's designation. Complainant himself is not using the designation "The Hilton Company" solely. He is also using and has always used to designate his business the terms "Hilton" and "Hilton's." There is more involved in the case than the mere use of one's name in one's business.

The case is somewhat analogous to those dealing with the right of a corporation to assume a corporate name. Under the Corporation act (*2 Comp. Stat. p. 1603 § 8*) a corporation is forbidden to assume a name in use by another existing corporation or so nearly similar thereto as to lead to uncertainty and confusion. Under this statute, American Glucose Sugar Refining Company has been held to be too nearly similar to Glucose Sugar Refining Company (*56 Atl. Rep. 861*); L. Martin & Wilckes Company too nearly similar to the L. Martin Company (*75 N. J. Eq. 39*); affirmed on this branch of the case (*75 N. J. Eq. 257*); the Edison Automobile Company of Washington too nearly similar to the Edison Storage Battery Company (*67 N. J. Eq. 44*); Eureka Rubber Manufacturing Company too nearly similar to Eureka Fire Hose Company (*69 N. J. Eq. 159*); affirmed, *71 N. J. Eq. 300.*

Defendant in his advertisements has indicated that his only stores are at the addresses mentioned in the advertisements, as also has complainant, but I do not think this saves the situation. In the first place, I do not believe it prevents confusion. I think little attention is paid by readers of advertisements to statements of this kind, and that notwithstanding their presence, customers are likely to go to the stores of defendant believing them to be those of complainant, and *vice versa;* and, moreover, as I said in the previous contempt proceeding (*89 N. J. Eq. 477*), I think complainant is entitled to have the public know not only that Jos. Hilton & Co. is not the Hilton Company, but also that it is not the business known as the Hilton Company prior to defendant's entering the field. What I said (*89 N. J.*

*Eq. 417*) must be taken in connection with what I now say. I will not repeat. See *International Silver Co.* v. *Roger, 72 N. J. Eq. 933.* It was insisted by counsel with defendant that in the determination of this matter the rule of the criminal law must be applied and that defendant must be proven guilty beyond a reasonable doubt. This is a purely civil contempt. I acquit defendant of any actual intent to contemn the authority of the court. The injunctive decree being in the form it is defendant was obliged to experiment until he should find a way of using the name, if he desired to use it, which would not be within its ban. Any imprisonment which will be ordered will be remedial in purpose; coercive in character. *Staley* v. *South Jersey, &c., 83 N. J. Eq. 300.* The proceedings are not instituted to punish for his past offences but to compel a discontinuance of an existing practice, and if defendant goes to jail he will be imprisoned only so long as he continues the obnoxious use of the name. It is analogous to an execution at law. I think, therefore, as I thought at the time of the prior contempt, that no greater proof is necessary than was necessary to secure the injunction in the first instance, and that the language of Vice-Chancellor Howell, in the case of *Rubber and Celluloid Harness Trimming Co.* v. *Rubber-Bound Brush Co., 81 N. J. Eq. 419; affirmed, 81 N. J. Eq. 519,* to the effect that proof of actual confusion is not necessary, is applicable. But if I were bound by the rule as to reasonable doubt, I have no difficulty in concluding that I have no reasonable doubt, but that the manner in which defendant conducts his business is such as that the public is led to believe that the goods manufactured or sold by him are manufactured or sold by complainant and that the business conducted by him is the same or part of the business conducted by complainant. Defendant, of course, labors under the handicap that originally I had the notion that the name could not be used by defendant in any such manner as he would desire to use it without creating confusion in a competitive business, but I have tried throughout this case to look upon it with an open mind. I have also observed the stores in New York myself, particularly those on Thirty-sixth street and Thirty-seventh street and Broadway, and perhaps cannot

but help being influenced by the impression made upon me by actual observation.

I will advise an order adjudging respondent in contempt. Counsel may prepare a form of order. I think, perhaps, the order should provide for a certain length of time within which the defendant may be permitted to discontinue the existing practice, and if he does not discontinue within the time stated, then that a warrant issue upon application, upon notice, directing his commitment to the common jail of the county of Essex until he shall have discontinued the practice. Care should be taken in framing the order that it be conclusive, so that an appeal may be taken as counsel stated in open court at the conclusion of the hearing and the delivery of the oral conclusions that an appeal was intended. Let the order be settled on one day's notice.