UNITED CIGAR STORES COMPANY OF AMERICA

*v.*

UNITED CONFECTIONERS et al.

[Argued August 28th, 1920.  Decided October 8th, 1920.]

1. In a suit to enjoin a defendant from unfair competition, consisting in a simulation of signs and windows of complainant's adjoining store, where descriptions or pictorial representations would be inadequate, the court must make an actual inspection and observe whether there is attempted unfair competition.

2. Where the defendant subsequently opened a cigar store on either side of complainant's store, and so simulated the appearance of complainant's store that people would infer that the complainant's shop and the defendant's shop or shops constituted a single commercial establishment, there was unfair competition.

On motion for a preliminary injunction enjoining the defendant United Confectioners, a corporation, from unfair competition.

*Mr. Herbert J. Hannock* and *Mr. Spitz* (of New York), for the motion.

*Mr. Merrill Lane, contra.*

STEVENSON, V. C.

The complainant has a shop for the sale of tobacco and confectionery upon a prominent corner in the city of Newark opposite the entrance of the Hudson tube, where many thousands of persons pass daily. The complainant's shop occupies only a small part, the corner, of a building which extends a considerable distance on one side of the shop along one street and on the other side along another street.

The complainant's shop is painted in conspicuous colors, in which red largely predominates, and exhibits upon the plate-glass

front a device consisting of a shield in which in large letters is the word "United," and above which in smaller letters is the word "Cigars."

The defendant the United Confectioners, after the complainant had established its shop on the corner, leased two shops adjacent to the complainant's shop, one of which two shops fronts on one street and the other on the other street. I inferred, although I do not think that there is any proof on the subject, that these two shops of the defendant communicate in the rear, constituting an ell. However that may be, the whole shop of the defendant, partly facing on one street and partly on the other, may be considered as holding in its arms the comparatively small corner shop of the complainant.

The charge of the complainant is, that the defendant the United Confectioners, by continuing the large red band above the complainant's shop along over their own shop or shops, and by simulating the complainant's shield on the glass front of the defendants' shop, and by some other alleged simulations, such as the use of gold embossed letters for their sign, has created a deceitful and fraudulent appearance so that the purchasers of confectionery or cigars, in which both parties deal, are liable to enter the defendants' shop and purchase goods supposing that they are in the complainant's shop and are purchasing its goods.

The complainant, in the general scheme of its store front, has followed the pattern in respect of color and form, &c., which it has employed in hundreds of other stores which it operates in various towns and cities throughout the United States. It does not appear that the defendant operates any other store besides this store in Newark, and the proofs show that until recently the promoters of the defendants' business, who recently incorporated under the name of United Confectioners, were engaged in the saloon business, and that they established this confectionery business in Newark apparently without any intention of establishing other stores elsewhere. The defendant was free to dress the exterior of its store as it saw fit for its new venture.

The case was originally presented on affidavits, including photographs, and was argued at length. At my suggestion counsel

agreed that I should with them inspect the store fronts in question, and, accordingly, with the attendance of counsel, I went to Newark and carefully examined the exterior of the entire building in which the complainant and the defendant have their respective shops.

A great many, perhaps the majority, of cases of alleged unfair competition, consisting of a simulation of packages, labels, &c., are to be determined, after a few physical facts have been proved, by the test of the eye of the judge. The present case is one which peculiarly illustrates this characteristic of unfair competition cases. No description of these store fronts, no mere photographs, nothing short of a picture in colors would enable a court to make a satisfactory decision upon the matter in dispute. But beyond all possible descriptions or pictorial representations the most adequate and satisfactory test can only be had upon an actual inspection by the judge of the store fronts in question. In unfair competition cases, labels and packages are always produced before the court where the litigation relates to those things. A store front cannot be brought into court, and so the court is obliged to go to the store front.

With a few matters presented by proof—things that I have referred to as physical facts, such as the businesses respectively of the two parties, their prior use of these colors and symbols, &c.—this whole case might be decided on final hearing after the judge has stood in the street in front of this building and carefully inspected from several points of view the different things in color, lettering, design, &c., which the defendant has done on each side of the complainant's shop in this single building built uniformly of light brick and constituting a business unit in which not only the parties to this suit but other parties have their places of business.

I do not intend to go into the particulars in regard to the simulation which I think is manifest in this case. In case of an appeal it may be necessary to file an opinion discussing these details. No man of common sense, in my judgment, can stand across the street in front of these places of business without recognizing the similarity of the defendants' fronts to the com-

plainant's front. Without careful study, and, perhaps, even after careful study, many persons, in my judgment, would consider that the defendants' shop was practically a department of the complainant's shop, or that both shops were one establishment. The whole corner, including the complainant's little shop and the defendants' similar shops on either side, is covered by practically the same broad, brilliant red band, and the defendants' shop has conspicuously in front on the window a shield of substantially the same design as the complainant's shield covered in large letters with the word "United," over which, in comparatively small letters, appears the word "Confectioners."

Whether there is legal evidence in this case that the purchasing public have in fact been deceived or not, I find it impossible to escape the conviction that the defendant, whatever its actual intention may have been, has in fact so simulated the exterior appearance on the street of the complainant's shop that hundreds of persons passing in this largely frequented and busy place would infer that the complainant's shop and the defendants' shop or shops in fact constitute a single commercial establishment in which cigars and confectionery are sold.

The whole case is before the court as I have intimated above. There is nothing to suggest that more light can be thrown on this litigation if the injunction should be withheld until the final hearing. On final hearing the judge again in order to get the best evidence would be obliged to stand in the street and inspect these store fronts. I do not recall that there is a single fact in dispute which the judge should know when making his inspection of these stores.

In my judgment, this is a plain case for a preliminary injunction, the terms of which may be settled on three days' notice if counsel do not agree to come before me for the purpose of settlement.