UNITED CIGAR STORES COMPANY OF AMERICA, a corporation, complainant-appellant,

*v.*

UNITED CONFECTIONERS, a corporation, and HERMAN GEIT-ZEILER, defendants-appellants.

[Argued November 23d, 1920.   Decided March term, 1921.]

1. Defendants, in the same line of business, dressed their store front in such close simulation and imitation of the adjoining store front of complainants, imitating particularly several striking features which were distinctive of all of complainants' stores there and elsewhere and which substantially constituted a trade-mark of the complainants, so that the public would be deceived into patronizing defendants' store thinking they were patronizing the store of complainants.—*Held*, to be unfair trade and competition to restrain which an injunction would issue.

2. Where the facts established beyond question at a hearing upon a rule to show cause why a preliminary injunction *pendente lite* to restrain unfair trade and competition should not issue, render it extremely unlikely that a different view will prevail at the final hearing, and where compliance with the mandatory features of the preliminary injunction if allowed, and restoration should the final hearing result in reversal, would not be either difficult or unduly expensive, and, on the other hand, the injury to the complainants, resulting from the unfair trade and competition were it permitted to continue during the time which would lapse until final hearing, would be substantial and irreparable, a preliminary injunction may properly issue.

On appeal from the court of chancery, reported *ante p. 56*

*Mr. Merritt Lane,* for the appellants.

*Messrs. Slein, Slein & Hannoch,* for the appellee.

The opinion of the court was delivered by

WHITE, J.

This is an appeal from a decree of the court of chancery allowing a preliminary injunction to issue against the defend-

ants because of unfair trade and competition, enjoining them from conducting or operating their business in two stores in Newark adjoining complainants' store in such manner, by advertisement or otherwise, and especially in the particulars set forth in the decree, as to deceive the public and lead it to believe that defendants' business is being conducted by the complainants or as a part of their business.

We have examined the affidavits submitted both *pro* and *con* and thoroughly agree with the conclusion of the learned vice-chancellor (Stevenson) before whom the case was heard, and who handed down a memorandum of his conclusions which is published in *92 N. J. Eq.* (at *p. 56*).

The ground of appeal most strenuously urged at the argument is that the case was not so clear and free from doubt nor was the likelihood of irreparable injury so imminent as to warrant the issuance of a preliminary injunction. We are unable to agree with this view. An examination of the evidence and of the exhibits in the case, but without an actual visit to the premises which we did not find necessary, convinces us that the case is free from doubt. We also are convinced that defendants' stores have been "dressed" in such striking simulation and imitation of the appearance of complainants' store as to deceive a very large part, if not practically all, the interested public who did not know otherwise, into thinking that defendants' stores were a part of or compartments in complainants' establishment, and, at least as to a substantial part of the public, to mislead them into patronizing defendants' stores in the mistaken belief that it was complainants' store which they were in fact patronizing as they intended to do. Under these circumstances, we think the likelihood of irreparable injury was sufficiently imminent to justify such a mandatory injunction before final hearing as was here issued. Every week of delay enabled defendants to attract away from complainants by the false representations held out by this imitation more and more of complainants' customers and more and more of the benefit of complainants' advertising and of their high reputation. On the other hand, what the decree required the defendants to do can easily be done, and also should the injunction be dissolved on final hearing,

undone, without much difficulty or undue expense. Defendants can easily paint in again the "United" shield and the red band, and the various other similar devices which the preliminary injunction requires them to remove, but the good-will of an established business once diverted to a competitor can, in a great many cases, never be reclaimed or restored.

Feeling, as we do, therefore, that the facts established beyond question render a different conclusion at the final hearing extremely unlikely, and that a continuation by the defendants of the acts complained of until such final hearing, will work substantial and irreparable injury to the complainants, we think that the preliminary injunction was properly issued. *Edison Storage Battery Co.* v. *Edison Automobile Co., 67 N. J. Eq. 44; O'Grady* v. *McDonald, 72 N. J. Eq. 805.*

We have examined the other grounds of appeal and find them without merit. The decree is, therefore, affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR—12.

*For reversal*—None.