The bill in this cause was filed for various purposes, including a prayer that it be decreed that certain amendments to the certificate of incorporation, submitted for adoption by the stockholders be declared ultra vires, null and void, and for an injunction. On the filing of the bill an order to show cause was granted, including a restraint against voting in favor of the passage of a resolution adopting the amendments and executing certificates for the amendments and filing of the same with the secretary of state. The amendments attacked are as follows:
"1. No person shall be eligible to become, or to remain a director of this corporation, if he, or any member of his immediate family, shall be directly or indirectly interested, either as owner, partner, stockholder, officer, director, agent, employe, attorney, lender of money, beneficiary, trustee or otherwise in any business which competes with, or is antagonistic to, the business of this corporation.
"2. No attorney, agent, employe, partner, trustee or member of the immediate family of any such person who is rendered ineligible by paragraph 1 hereof, shall be eligible to become or remain a director of this corporation.
"3. Any director of this corporation disqualified to continue as such shall be subject to immediate removal from such office by a majority vote of the remaining directors of this corporation."
Under section 27 of the act concerning corporations, power is given to include in an amendment anything which might be legally contained in the original certificates. No charge of irregularity in the proceedings to amend is made. This leaves to be determined the question whether the amendments proposed are ultra vires
the corporation.
This question involves two propositions — 1. May a corporation, by its original certificate, or an amendment thereof, disqualify certain stockholders from being directors; or, being directors, remove them? 2. Are the amendments so unreasonable that a court should declare them null and void?
As to the first question: section 15 of the Corporation act, in dealing with vacancies, assumes that the power of removal exists, and in In re Griffing Iron Co., 63 N.J. Law 168, Mr. Justice Collins, speaking for the supreme court, *Page 85 
said, "If the by-laws so warrant, directors may even be removed during their term," and this case was affirmed. Idem. 357. It therefore seems plain that a director holds subject to be removed; and if the thing for which he may be removed exists prior to his election, by parity of reasoning, he may be treated as ineligible.
The next questions to be considered are: Do the amendments contravene any property right of a stockholder, and are they so unreasonable that their purpose condemns them? Neither the certificate of incorporation nor the by-laws were produced, nor was there any agreement produced touching the corporate rights of stockholders. There does appear in Mr. Cusack's affidavit, that in paragraph 5 of the certificate of incorporation there is a provision for cumulative voting for directors to protect the minority stockholders. I must, therefore, assume that the rights of the stockholders are the same as those existing under the common certificate of incorporation containing no special provisions, excepting that contained in said paragraph 5. Counsel for the complainant cites Lowenthal v. Rubber Reclaiming Co.,52 N.J. Eq. 440, to support the theory that the legislature is without power to authorize amendment of either the by-laws or the certificate of organization without the consent of all the stockholders — the theory being that the certificate and by-laws in force at the time of the acquisition of the stock constituted a contract between the corporation and the stockholders, and between the stockholders inter sese. In that case, the bill was filed to restrain a change in the certificate of organization and in the by-laws of the corporation which the individual defendants proposed to make by the vote of a mere majority of the stockholders under the sixth section of the supplement to the Corporation act. P.L. 1893 p. 445. There, four distinct corporations and one mercantile firm associated themselves together for business purposes, under a written agreement prescribing that each corporation or partnership should be entitled to one membership and to one vote at all meetings. After the agreement was signed, a certificate of incorporation was executed and filed. The *Page 86 
stock was divided among the corporations and partnership in varying amounts. The by-laws adopted provided for six directors, and one was assigned to each corporation and partnership, excepting the Philadelphia Company, to which, on account of its greater holdings of stock, two directors were assigned. Article 6 of the by-laws provided that the same might be amended, added to, altered or repealed by the affirmative vote of the stockholders representing at least two-thirds of the whole capital stock. It, therefore, appeared that there were contractual relations between the parties, and the thing denounced was the attempt, without the consent of the complainants, to change the system, whereby a mere majority might do that which in the by-laws could only be done by at least two-thirds. In the instant case none of these features, or ones calling for a similar conclusion, are presented. The amendments in question do not disturb the stockholders' rights under paragraph 5 of the certificate.
With this latter point eliminated, it remains to be determined whether the amendments are so unreasonable as to be null and void.
In London City v. Vanacker, 3 Carth. 480; 90 Full Eng. Rep.876, Chief-Justice Holt said that "every by-law by which the benefit of the corporation is advanced is a good by-law for that reason, that being the true touchstone of all by-laws." The same may also be said of an amendment to the certificate of incorporation.
This amendment seeks, among other things, to render ineligible — or, if elected, to subject to removal — a director if he be also a director in a corporation whose business is in competition with or is antagonistic to the defendant corporation. There are two kinds of disqualification of a director — (1) temporary, and (2) total or permanent disqualification.
(1) A temporary disqualification arises, for instance, when two corporations attempt to contract with each other, and a director who is necessary to constitute a quorum in one is a director in the other, the contract thus consummated is voidable. Stewart
v. Lehigh Valley Railroad Co., 38 N.J. Law 505 (at p.522); Metropolitan Tel. Tel. Co. v. *Page 87 Domestic Tel. Co., 44 N.J. Eq. 568 (at p. 573). This being but a partial disqualification, does not render the director objectionable in other transactions in which he may serve the corporation with that fidelity which is exacted of a trustee.
(2) A total or permanent disqualification is one where the director is so employed in the service of a rival that he cannot serve both, but must betray one or the other. Cross v. WestVirginia, c., Railway Co., 37 W. Va. 342; 16 S.E. Rep. 587.
This arises where a man is called upon in the performance of his trust to give his best endeavors for the promotion of both rival companies. Therefore, applying the rule mentioned by Chief-Justice Holt, supra, an amendment to a certificate of incorporation, or by-law, which excludes such a person from the directorate advances the benefit of the corporation, and is good. My conclusion, therefore, is that an amendment which renders ineligible — or, if elected, subjects to removal — a director, if he be also a director in a corporation whose business is in competition with, or is antagonistic to, the defendant corporation, is valid.
I also conclude that the amendment is valid if the director happens to be the owner, partner, officer or trustee in a business which is a competitor of, or antagonistic to, the business of the defendant corporation.
By this first amendment a director is held ineligible if any member of his immediate family shall be directly or indirectly interested as owner, c. To illustrate: Suppose a son of the director was a director in a rival corporation, and the two corporations desired to enter into an agreement, would the father be disqualified from sitting in his board, as the law now stands? Would the son be disqualified from sitting in his board? Would not each be entitled to vote on the agreement? How can it be said that the father and son have such interest in both corporations that neither can be trusted fairly to perform his duty as trustee? And if the son and father could so sit, and there is no partial disqualification on account of their being members of rival corporations, it is *Page 88 
unreasonable to wholly disqualify them from being directors by reason of such relationship.
This leads to the conclusion that this portion of the amendment is invalid.
As to the further provision of the first amendment disqualifying the director if he happen to be a stockholder, agent, employe, attorney, lender of money, or beneficiary of a rival concern, this part of the amendment I regard as invalid, for the reason that, having such a relation with the rival concern, he is not its trustee and would not be precluded as a director from voting to make a contract with the rival concern. Nor can it be said that every person holding such relation to the rival concern must of necessity work against the interests of the corporation of which he is a director.
The second amendment goes one step beyond the first, in that it excludes from membership an attorney, agent, employe, partner, trustee, or member of the immediate family of any such personwho is rendered ineligible by paragraph 1." The "person rendered ineligible by paragraph 1" is the director; and this portion of the second amendment tends to disqualify a person who happens to be counsel to the director — not necessarily counsel of the rival concern. It also disqualifies a member of his immediate family from becoming a director regardless of whether that member of the family happens to have any interest whatsoever in the rival concern. To illustrate: There might be five sons in the family of the director, one son might be a director in the competing corporation, and, under this paragraph, the four disinterested sons, being members of the immediate family of the director, would be ineligible. This, I take it, is an amendment which is unreasonable and beyond the power of the corporation to make.
As to the third amendment, I think it is void, because it provides for the immediate removal of the director, which means summary and without a hearing; for the word "immediate" negatives the idea of a hearing, giving the person charged time to prepare.In re Griffing Iron Co., supra, the court said: "The statute recognizes the power of removal" *Page 89 
(section 15), "and such power is inherent. * * * If there be a fixed term of office, removal must be for cause." (At p. 175.)
In proceedings to remove a director the board acts judicially, and is without power to remove him for cause without giving him a hearing with reasonable opportunity to prepare. Thomp. Corp. §820.
In Stanley v. Freeholders of Passaic, 60 N.J. Law 392, it was said that a party whose rights are to be directly affected by official action is entitled to have an opportunity afforded him of being heard in relation thereto before action is taken, whenever such action is judicial in its character.
The third amendment is therefore void.
It was represented by counsel, and it appears from examination of the case, that amendments in substantially the same form were approved in People v. Ittner, 165 Ill. App. 360, and were accordingly adopted by the defendant corporation in preparing these amendments. In the case of Loughlin v. Geer, 121 Ill. App. 534,
decided some six years earlier, the court's decision was almost diametrically opposite to that expressed in theIttner Case. In the latter case the court did not citeLoughlin v. Geer; and, therefore, there is presented the situation of the courts of two separate districts, of equal standing, entertaining different views.
In Cross v. West Virgnia, c., Railway Co., supra, cited by complainant, a by-law was held valid which declared that no person who was attorney against the corporation in a suit should be eligible as a director. It will be perceived that the "attorney" mentioned in that case was one who was then actively engaged as attorney against the corporation. Here the provision is that no one who is attorney for anyone in a business which competes with or is antagonistic to the business of the corporation is eligible, although he might never have a suit against the corporation.
Having reached the conclusion that parts of the amendments are both valid and invalid, the question arises: Must all the amendments be declared invalid, if regularly adopted and filed? This question must be answered in the negative; *Page 90 
the invalid may be excised, and the residue stand. Amesbury v.Bowditch Mut. Fire Ins. Co., 6 Gray 596.
As this case is novel and not free from doubt, if the general rule were followed, an injunction would not be allowed in advance of final hearing. McMillan v. Keuhnle, 78 N.J. Eq. 251;Citizens' Coach Co. v. Camden Horse Railroad Co., 29 N.J. Eq. 299.
This case, however, is an exception to the general rule, in that it calls for a construction of the proposed amendments without extraneous evidence, and a determination as to their validity; nothing could be offered on final hearing that is not now before the court. In such a situation a preliminary injunction may issue. United Cigars Stores v. UnitedConfectioners, 92 N.J. Eq. 56; affirmed, 92 N.J. Eq. 449.
A decree will be advised in accordance with the foregoing views.