This action seeks to enjoin the defendant from the use of the word "ChoCo-Lo-Malt" as a trade-mark and from other acts of unfair competition including the use of the containers in which he distributes his product.
Complainant is a New Jersey corporation with its principal place of business and factory at Hoboken, New Jersey. It manufactures and sells food products including a chocolate flavored food under the trade-mark "Cocomalt." Defendant, Sam Sher, trades under the name and style of "ChoCo-Lo-Malt Company." He resides at Newark, New Jersey. His product is sold and distributed from his residence there and is labeled "ChoCo-Lo-Malt."
Complainant filed its trade-mark (Cocomalt) in the United States Patent Office on November 16th, 1926, and received a certificate of registration No. 220963. Since that time it has continuously manufactured and sold the product "CocoMalt" which product is intended to be mixed with hot or cold milk. It provides what complainant calls "nutritious and pleasing" food drink. Complainant has conducted an extensive advertising campaign for the past ten years at a large expense in order to keep its product before the people to stimulate its sales. As a result of complainant's efforts "Cocomalt" is marketed generally throughout the United States and in about fifty foreign countries. The average annual sales during the past ten years has been about six million cans.
The defendant, Sam Sher, began his operations of marketing "ChoCo-LoMalt" about two years ago. His product is also a powder to be mixed with milk as a food drink. Both products have a chocolate or cocoa flavor and both contain cocoa and malt. The process of manufacture of the two products appear to be different. The manufacturing process of the complainant's products is more costly. "ChoCo-Lo-Malt" originally was packed and sold in one pound cans, the colors and labels of which bear a striking resemblance to the products of the complainant. Under the trade-mark on the "Cocomalt" can in large letters appear the words "A Delicious Food Drink. Chocolate Flavor." On the "ChoCo-Lo-Malt" *Page 318 
can appear the words "A Delicious Pure Healthful Food Drink." When placed side by side the cans are easily distinguishable. When separated, however, a purchaser might easily be misled by their similarity.
The important question is what effect does the appearance of the can and the similarity of the name make on the mind of the customer. Particularly what effect do they have upon a casual or unwary purchaser. The product of the defendant is sold to a large extent in the metropolitan areas of Newark and New York. The evidence disclosed that, particularly in sections where there exists a large foreign-born population, "ChoCo-Lo-Malt" was being sold to consumers who asked for or who were under the impression they were buying "Cocomalt." When complainant learned of the sales of "ChoCo-Lo-Malt" sometime in 1936 it immediately endeavored to locate its manufacturer and distributor. Upon locating Mr. Sher the complainant demanded his immediate discontinuance of the sale of the product under the trade-name and in the cans bearing the labels above referred to. Some conferences were had between the parties and Sher agreed to dispose of the cans he was then using but made no promise to change the name.
This action was, therefore, brought on the theory that the resemblance of the cans which contained the competing articles was such that one would be mistaken for the other to the detriment of both the buyer and complainant. Such trade practices are not favored by our courts on the ground that it is unfair competition. National Biscuit Co. v. Pacific Coast BiscuitCo., 83 N.J. Eq. 369. The question here involved is a question of fact to be determined by the court. United Cigar Stores Co.
v. United Confectioners, 92 N.J. Eq. 56; affirmed, 92 N.J. Eq. 449; The Rubber and Celluloid Harness Trimming Co. v. TheRubber-Bound Brush Co., 81 N.J. Eq. 419; Wirtz v. EagleBottling Co., 50 N.J. Eq. 164.
After considering the evidence in this case I have reached the conclusion that both by reason of the trade-name and the color and appearance of the cans, the cans of the defendant tend to deceive purchasers who intend to purchase "Cocomalt." The law does not require a nice distinction or discrimination *Page 319 
from the ordinary purchaser. International Silver Co. v.William H. Rogers Corp., 67 N.J. Eq. 646; Hilton v. Hilton,90 N.J. Eq. 564; Wirtz v. Eagle Bottling Co., supra. It makes no difference whether or not defendant actually intended to deceive the public or to unfairly compete with the complainant.Polackoff v. Sunkin, 115 N.J. Eq. 134. Defendant contends that the name of his product is not deceiving and that neither the complainant nor any other person can claim the exclusive right to use the word "malt." In answer to this, complainant says that the term "Cocomalt" has acquired, by reason of its use, a secondary meaning which identifies its product. I think complainant is right in this contention. Where a descriptive word has by reason of long continued and exclusive use acquired a secondary meaning denoting origin or ownership it would not be equitable for another to simulate it thus enabling him to pass his goods as the goods of the other. The Rubber and CelluloidHarness Trimming Co. v. The Rubber-Bound Brush Co., supra.
There are many cases in this state which hold to this view.National Biscuit Co. v. Pacific Coast Biscuit Co., supra;Hilton v. Hilton, 89 N.J. Eq. 472; Safety Storage Co. v.Lupenski, 100 N.J. Eq. 385; VanHorn v. Coogan, 52 N.J. Eq. 380; The Rubber and Celluloid Harness Trimming Co. v. TheRubber-Bound Brush Co., supra, and many others. Under these cases the owner of the established name has enjoined the use of similar names: "Uneeda Milk Biscuits" enjoined the use of the words "Abetta Milk Biscuit:" "Oysterettes" enjoined the use of the words "Toke Point Oysterettes;" "Oatmeal Crackers" enjoined the use of the words "Abetta Oatmeal Crackers;" "The Hilton Company" enjoined the use of the name "Jos. Hilton Co.;" "Rubberset" enjoined the use of the word "Rubber-vulc." Defendant argues that because he changed the color of his cans before the hearing in this case and after the bill was filed, he should not now be enjoined from using the color scheme formerly in use. Complainant is entitled to the relief sought relative to the use of the colors used by defendant at the time the bill was filed.The Clark Thread Co. v. The William Clark Co., 55 N.J. Eq. 658.
The courts have *Page 320 
pointed out that common sense should indicate to a defendant, in cases similar to this, that he has a choice of many other names which can be used to describe his product and thus avoid confusion with the product of his competitor.
I have reached the conclusion that the defendant should be restrained from the use of the name "ChoCo-Lo-Malt Products Company" or "ChoCo-Lo-Malt Company" or any name in which the name "ChoCo-Lo-Malt" shall form a part. The use of such name is objectionable when used as a trade-name or corporate title, as well as when it is used on the package of the product itself.The Rubber and Celluloid Harness Trimming Co. v. TheRubber-Bound Brush Co., supra. The restraint in this case should not contain the language set forth in paragraph "f" of the bill as it is too broad.
When the form of decree is presented to me I will hear counsel on the question of accounting if complainant insists that he is entitled to one.