CHARLES CUNNINGHAM, Plaintiff-Appellant, *v.* ADDRESSOGRAPH MUL-TIGRAPH CORPORATION-BRUNING DIVISION, Defendant-Appellee.

Fourth District    No. 16120

Opinion filed August 8, 1980.

Ronald Tulin, of Ronald Tulin, Ltd., of Charleston, for appellant.

William J. Warmoth, of Brainard, Bower & Kramer, of Charleston, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This litigation represents an attempt by the plaintiff to expand and extend the doctrine of retaliatory discharge of an employee for seeking workmen's compensation (now workers' compensation) as found in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, and *Leach v. Lauhoff Grain Co.* (1977), 51 Ill. App. 3d 1022, 366 N.E.2d 1145.

The posture of the case before us is one of summary judgment (Ill. Rev. Stat. 1977, ch. 110, par. 57(2) and (3)). The appropriate motion for summary judgment supported by affidavits was made by defendant; counteraffidavits were filed by plaintiff, and judgment in favor of defendant was entered by the circuit court of Coles County. Our decision is therefore based on the pleadings and these affidavits.

The plaintiff's documents reveal that plaintiff was an employee of defendant and suffered an alleged injury in the course of his employment; that on the following day, a Sunday, he notified his supervisor that he would be absent on the following day, a Monday, in order to visit a doctor; that he did visit the doctor who instructed him to stay at home; that he did stay at home Tuesday and Wednesday following and on Wednesday received a notice of discharge. In a supplemental affidavit plaintiff states that his discharge "was based upon the anticipation of my filing the claim for Workmen's Compensation or in retaliation for the expected filing."

Plaintiff's amended complaint reads, in part, as follows:

"That Illinois Statutes, Chapter 48 §138.4h, provides as follows:

'it shall be unlawful for any employer, individually or through any insurance company or service or adjustment company to discharge to threaten to discharge, or refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his rights or remedies granted to him by this act.'

That the Defendant, by its agents or employees violated the provisions of the aforementioned statute by one or more of the following acts or omissions:

(a) That the Defendant terminated the Plaintiff's services because of his exercise of his rights or remedies granted to him under the Workmen's Compensation Act.

(b) That the Defendant terminated the Plaintiff's services because of the anticipation of his exercise of his rights or remedies under the Workmen's Compensation Act.

(c) That the Defendant refused to rehire or recall to active service the Plaintiff because of his exercise of rights or remedies to him under the Workmen's Compensation Act."

Defendant's documents, in essence, state that there was a company policy regarding absence; that this policy, in summary, required an

employee to call in during the first hour of his shift if he were to be absent and that failure to call in for three successive days would be grounds for discharge. The documents then went on to aver that this was the basis for plaintiff's discharge, *viz.*, that he remained absent Monday, Tuesday, and Wednesday without notifying his supervisor. An affidavit as to the reasons for defendant's discharge was made by the person in charge of personnel at the plant. In his counteraffidavit plaintiff admitted that he had violated this policy, but that he thought such violation would be waived.

Both parties set forth in their affidavits what they conceive the relationship of the doctor to the company might be. Plaintiff alleges that he is "a private physician, but he is also employed on a continuous basis" with defendant. Defendant avers that the doctor is a private physician and is not an employee or agent of defendant; that he performs routine pre-employment physicals for defendant; that any employee hurt on the job can go to any physician of his own choosing and that physician's fee will be paid by the company.

The cases in Illinois are legion to the effect that summary judgment is a proceeding by which to determine whether a material issue of fact exists, not to try such an issue. In *Gordon v. Oak Park School District No. 97* (1974), 24 Ill. App. 3d 131, 136, 320 N.E.2d 389, the court said:

> "Summary judgment is available in all appropriate cases in Illinois, including those in which good faith, purpose, malice, reasonableness, or other states of mind are in issue. [Citations.] Having considered the record, we find no facts which in any way tend to support plaintiffs' allegations of malice and injury on the part of defendant personnel. The trial court correctly found that there was no genuine issue of fact."

From the foregoing summary of the pleadings and affidavits it can be seen that the central issue in this case is the defendant's intent or motive in discharging plaintiff. We have concluded that the defendant's affidavits reasonably imply that the discharge was for violation of the company's call-in policy and that this is corroborated by plaintiff's admission that he violated that policy.

We have further concluded that plaintiff's affidavits do not competently counter those of the defendant since plaintiff could not competently testify as to the defendant's state of mind. No facts alleged by pleading or affidavit would support an inference of defendant's state of mind.

Supreme Court Rule 191 (Ill. Rev. Stat. 1977, ch. 110A, par. 191) reads in part as follows:

> "(a) Requirements. Affidavits in support of and in opposition to a motion for summary judgment under section 57 of the Civil Practice Act * * * shall not consist of conclusions but of facts admissible in

evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto."

Illinois rule on this subject is of long standing. In *Cihak v. Klekr* (1886), 117 Ill. 643, 655, 7 N.E. 111, the supreme court said;

"We give no consideration to the manifestly incompetent testimony of E. K. Hubbard, that his wife's intention was to reserve the alley as a private alley for the use of lots 1, 2, 3 and 4. It was not competent for him to swear to his wife's, or any one's else, intention."

Professor Wigmore has criticized the Illinois rule (II Wigmore on Evidence §661 (3d ed. 1940)), but the footnotes indicate that there is a considerable split of authority. We have not been referred to any Illinois case wherein the rule enunciated in *Cihak* has been modified or overturned.

Therefore, under *Gordon*, no material issue of fact remained as to the defendant's intent or motive and entry of summary judgment in favor of the defendant was proper.

It thus becomes unnecessary for us to decide whether plaintiff in fact "exercised" his rights or "anticipated" the exercise thereof, since the question of motive would govern either one. We are not called upon to decide, and do not decide, whether the initial call on the doctor, whatever his capacity might be, is an exercise of rights or an anticipation thereof. We only note in passing that in *Kelsay* and *Leach*, as well as in the authorities from other States cited in *Kelsay*, there had been an actual filing of a claim.

The order of the circuit court of Coles County is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.