VOSS ENGINEERING, INC., Plaintiff-Appellant, v. VOSS INDUSTRIES, INC., *et al.*, Defendants-Appellees.

First District (4th Division) No. 84—439

Opinion filed July 3, 1985.

J. Richard Stanton, of Chicago, for appellant.

Leake, Esposito & Heuel, of Chicago, for appellees.

JUSTICE LINN delivered the opinion of the court:

A father brought an action against his son, formerly an officer, director, and employee in his father's corporation, and against two other former employees, seeking to enjoin them from continuing to operate a competing business organization. A preliminary injunction was issued by agreement of the parties and without hearing, followed by a full trial on the merits of counts alleging breach of fiduciary duty, theft of confidential information, and violation of the Illinois Uniform Deceptive Trade Practices Act.

Following trial, the court dissolved the preliminary injunction and entered judgment in favor of defendants.

We affirm the decision of the trial court.

BACKGROUND

Plaintiff, Voss Engineering, an Illinois corporation in the business of manufacturing and selling shock and vibration absorption products, was incorporated in 1959. Voss Engineering originally began as a division of Voss Belting, incorporated in Illinois in 1948. Both Voss Engi-

neering and Voss Belting have, since their inception, been controlled, managed, and directed by various members of the Voss family.

The majority stockholder and functional "head" of Voss Engineering is Robert J. Voss, who served as corporate president until 1976 when his son, defendant James R. Voss, was elected to serve in his place. James was also made director of both corporations and served as general manager of Voss Belting until he was terminated by his father in September 1980. Also employed at plaintiff corporation was defendant Bruce Poulsom, who worked as plant manager from January 1975 until his termination in January 1981, and defendant Michael Hannon, who worked as purchasing agent and billing clerk from February 1976, until he resigned in January 1981.

In September 1980, Robert Voss advised his son James that he was to call his mother in the hospital. When James refused, Robert informed him that he was no longer employed at Voss Engineering. Robert told James that he would have until the end of October to make up with his mother and that if he did, "there would not be any problems." Robert also told James that he would be paid through October 1980 and allowed him to use the company credit cards and car, as did other members of the Voss family who were not employed by plaintiff.

James did not reconcile with his father and, subsequent to his conditional termination in September 1980, he never returned to Voss Engineering. He performed no directorial duties, attended no corporate meetings, and did not act for plaintiff corporation in any capacity. James submitted his formal resignation as director of plaintiff corporation in April 1981, at the time plaintiff brought this action, having assumed that all his connections with Voss Engineering, including that of director, had ended in September 1980.

Subsequent to his termination in September 1980, James advised defendants Poulsom and Hannon that he was contemplating starting up a competing business organization and asked them if they would be interested in becoming part of this new enterprise. Defendants informed James of their interest. In November 1980, James incorporated defendant, Voss Industries, Inc., with James himself as the sole shareholder and director. In late November or early December, James received verbal commitments from Poulsom and Hannon to join his new enterprise. In January 1981, Hannon and Poulsom terminated their employment at plaintiff corporation and began working for Voss Industries, Inc. Neither Poulsom nor Hannon performed any duties for nor received any compensation from Voss Industries prior to their respective departures from plaintiff corporation. The extent of their

activities with respect to the competing corporation prior to their actual terminations at plaintiff was confined to the planning stage and did not involve the transacting of business.

In April 1981, plaintiff filed suit seeking (1) to enjoin defendants from continuing to operate Voss Industries, (2) an accounting, and (3) damages. Upon the filing of suit, James Voss changed the name of his corporation to JVI, Inc.; formally resigned as director of plaintiff corporation; and caused all documents issuing from his business to be stamped with a printed disclaimer expressly disaffiliating Voss Industries (JVI, Inc.) from Voss Engineering, Inc.

A preliminary injunction was entered by agreement and without hearing. Following a full hearing on all counts of the complaint, the preliminary injunction was dissolved, and judgment was entered in favor of defendants. Plaintiff now appeals.

OPINION

■ At oral argument, plaintiff conceded that there was insufficient evidence to support counts II (theft of confidential information) and III (violation of the Illinois Uniform Deceptive Trade Practices Act) of the complaint, thereby effectively withdrawing from our consideration these counts and the assertions set forth thereunder. Consequently, the sole issue presented to this reviewing court is whether plaintiff has met his burden of proving that defendants breached their fiduciary duties to plaintiff by starting up a competing business organization. The trial court found that plaintiff failed to meet his burden. This finding is not against the manifest weight of the evidence.

DEFENDANTS HANNON AND POULSOM

Plaintiff contends that defendants Hannon and Poulsom breached their fiduciary duties to Voss Engineering by participating in a competing enterprise while still employed by plaintiff. The record, however, reveals that the extent of Hannon's and Poulsom's participation in the competing enterprise, prior to their termination by plaintiff in January 1981, was limited to its planning and formation. When participation is so limited, the law does not recognize such participation as a breach of fiduciary duty.

> "It is recognized that an employee, absent a restrictive contractual provision, has a right to enter into competition with the former employer upon leaving such employ. (*Cross Woods Products v. Suter* (1981), 97 Ill. App. 3d 282, 422 N.E.2d 953.) Indeed, an employee may legitimately go so far as to form a rival corporation and outfit it for business while still employed by

the prospective competitor. (See *James C. Wilborn & Sons Inc. v. Heniff* (1968), 95 Ill. App. 2d 155, 237 N.E.2d 781.) An employee is held accountable for breaching his fiduciary duty to his employer only when he goes beyond such preliminary competitive activities and commences business as a rival concern while still employed. (*Cross Woods Products v. Suter* (1981), 97 Ill. App. 3d 282, 422 N.E.2d 953.)" *Lawter International, Inc. v. Carroll* (1983), 116 Ill. App. 3d 717, 733-34, 451 N.E.2d 1338, 1349.

In the instant case, neither defendant Hannon nor defendant Poulsom had an employment contract with plaintiff. The activities defendants engaged in prior to the termination of their employment with plaintiff, such as meeting with James Voss and signing the SBA loan application, clearly constitute the forming of a rival corporation. However, as the trial court found, the evidence was insufficient to show that defendants' activities went beyond these preliminary planning stages or that they commenced business while still employed by plaintiff. In the absence of such proof, we must necessarily agree with the trial court in finding that defendants Hannon and Poulsom did not breach their fiduciary duties to plaintiff.

DEFENDANT JAMES VOSS

Plaintiff also contends that James Voss breached his fiduciary duty to Voss Engineering by operating a competing corporation while still a director of plaintiff. This contention is predicated on the fact that James did not officially resign as director until April 1981, some seven months after his termination from plaintiff; and, that during that period between termination and formal resignation, James made use of some company credit cards and a company car.

James contends that subsequent to the conversation he had with his father in September 1980, conditioning his continued employment at Voss Engineering on calling his mother in the hospital, he believed that his association with Voss Engineering was completely severed, including his status as director. We find that the evidence and the applicable law support not only James' subjective belief that his directorship was terminated but also the objective fact that he had been removed as a director on the effective date of his conditional termination, September 1980.

Prior to the effective date of the Illinois Business Corporation Act of 1983 (Ill. Rev. Stat., 1984 Cum. Supp., ch. 32, par. 8.35), there was no statutory provision governing the removal of corporate directors. (Ill. Rev. Stat. 1983, ch. 32, par. 157.44, "Removal of officers," is now

Ill. Rev. Stat., 1984 Cum. Supp., ch. 32, par. 8.55, while section 8.35, "Removal of directors," has no predecessor.) Directors were not included in the classification of "officers" for purposes of the removal statute; and, it was held that since the shareholders of a corporation have the constitutional right to elect the directors of a business organization, the directors have no right or power to remove one of their own. *Laughlin v. Geer* (1905), 121 Ill. App. 534.

■ In the absence of such a controlling statute, the power of a motion comes into play and dictates that the power of suspension or removal is incidental to that of appointment or election. (*Macaluso v. West* (1976), 40 Ill. App. 3d 392, 352 N.E.2d 382.) Thus, where the law is silent as to the tenure of office, the subject of removal, and the mode of proceeding to remove, reference must be had to the nature of a particular set of facts to determine what course justice requires the removing power to pursue. *People ex rel. Stevenson* (1853), 15 Ill. 110.

In the case at bar, James Voss was elected to his position as a director of Voss Engineering and Voss Belting. Robert Voss was the majority shareholder and electing authority of plaintiff corporation. When James Voss refused to call his mother in the hospital in September 1980, Robert informed him that he was no longer employed at Voss Engineering, that he would be kept on the payroll until the end of October, and that he had six weeks to satisfy the condition on which his continued employment was contingent. The testimony is not disputed as to these facts.

James Voss failed to satisfy the condition on which his employment was contingent. He never returned to his position at Voss Engineering subsequent to his father's pronouncement. Moreover, he never performed any directorial duties, attended any corporate meetings, or acted for plaintiff corporation in any capacity subsequent to his termination. His only connected action was to use the company credit cards and car, an action completely justified by his family status alone and enjoyed by other nonemployee members of the Voss family.

James testified that he believed his directorship had been terminated along with his position as manager and officer of plaintiff corporation. We too find that Robert Voss' conditional termination of his son served not only to fire him from his position as officer and manager but also to effectively remove him from his role as corporate director. Incidental to his power to elect, Robert Voss, unencumbered by statute, had the power to remove. His actions in regard to James Voss were consistent with the exercise of this power. The submission

of James Voss' formal resignation some seven months later does not, by its mere form, negate the substance of the removal.

 Because James Voss was effectively removed in September 1980, prior to the time he began operating a competing corporation, he owed no fiduciary duty to plaintiff. Accordingly, one cannot breach a duty one does not owe.

For all of the foregoing reasons, we affirm the decision of the trial court, entering judgment in favor of defendants James Voss, Bruce Poulsom, and Michael Hannon.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.