THE PEOPLE *ex rel.* CYNTHIA ROSEMAN *et al.*, by their Parents, Max Roseman *et al.*, Plaintiffs-Appellants, v. ISADORE TRACHTMAN, Defendant-Appellee.

First District (1st Division)   No. 84—1244

Opinion filed December 9, 1985.

6

Henry L. Mason III and Chaim T. Kiffel, both of Chicago, and James Alle, of Grosse Pointe, Michigan (Sidley & Austin, of counsel), for appellants.

Patrick W. O'Brien, Lynne M. Raimondo and Ann Gales, all of Mayer, Brown & Platt, of Chicago, for appellee Isadore Trachtman.

Patrick T. Murphy, of Chicago, for appellees Cynthia Roseman and Phillip Burnstein.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Max and Rose Roseman and Naomi Burnstein, appeal from the dismissal of their two-count amended complaint filed on behalf of their adult children, Cynthia Roseman and Phillip Burnstein, respectively. Count I alleged a cause of action in *habeas corpus* which sought the release of Cynthia and Phillip from the alleged domination and control of defendant, Rabbi Isadore Trachtman, dean of the Ha-Masmid Institute, a school for the study of the Torah. Count II sought equitable relief based upon an allegation of irreparable harm to Cynthia and Phillip. The circuit court found that it lacked jurisdiction in either *habeas corpus* or equity to grant the relief requested and dismissed the amended complaint without prejudice to file in either probate or mental health court. Plaintiffs appealed. For the following reasons, we affirm the judgment of the circuit court.

The record reveals the following facts pertinent to this appeal. On October 14, 1983, at an *ex parte* hearing, plaintiffs filed a two-count petition for writ of *habeas corpus*, alleging that Cynthia and Phillip were being detained and unlawfully restrained of their liberty by defendant. Plaintiffs further alleged that a writ was necessary to liberate Cynthia and Phillip from defendant's bondage so that they could receive treatment from mental health professionals. Based solely upon plaintiffs' petition, the trial court issued a writ of *habeas corpus*, limited to directing defendant to produce Cynthia and Phillip in the courtroom on October 20, 1983, and to certify and return therewith the time and cause of their detainment and restraint. The court further enjoined defendant from removing Cynthia and Phillip from the jurisdiction of the court.

On October 20, 1983, defendant appeared in court with Cynthia and Phillip and filed a motion to dismiss the *habeas corpus* petition, alleging, *inter alia*, that neither Cynthia nor Phillip are restrained or deprived of their liberty by defendant. Defendant further moved to dissolve the injunction on the ground that it was issued without notice to defendant in violation of section 11—102 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—102). At the same hearing, Cynthia and Phillip moved for leave to intervene and to file their motion to dismiss. The trial court dissolved the injunction and granted Cynthia and Phillip the right to intervene and to file their motion to dismiss.

Plaintiffs then filed their answer together with a supplemental memorandum and expert affidavits of clinical psychologists, Margaret T. Singer and Jesse S. Miller, and sociologist, Richard J. Ofshe, Ph.D. Each expert stated that in his or her opinion, Cynthia and Phillip were being socially, psychologically and physically restrained of their liberty

by defendant.

Thereafter, Cynthia and Phillip filed a response to which they attached their personal affidavits. In Cynthia's affidavit, she stated that: (1) she is 31 years old; (2) her association with defendant has been voluntary and of her own volition; (3) she has never been beaten or punished by defendant; (4) she has never been prevented from leaving defendant's home, where she resides; (5) allegations of sexual contact with participants of the HaMasmid Institute are lies; (6) she has never been prevented from visiting or communicating with her family; and (7) the only limitations on her freedom have been caused by harassment by her parents and their agents. In Phillip's affidavit, he stated, *inter alia,* that: (1) he is 36 years old; (2) he has been associated with defendant and the HaMasmid Institute for the past 15 years as a student and as a worker; (3) he has been free to associate with anyone and has never been restricted from visiting or communicating with his family; (4) defendant does not control or sanction his activities; (5) within the last three years, he has earned his bachelor of arts degree from Northeastern University and has become certified in data processing; and (6) prior to the current lawsuit, he saw his mother regularly and spoke with her bi-weekly on the telephone. In addition to their personal affidavits, Cynthia and Phillip also attached the affidavit of Dr. Martin J. Schwarz, psychiatrist, who stated that he had interviewed Cynthia and Phillip separately for approximately one hour each and, in his opinion, there was no evidence of any form of domination or mind control.

Subsequently, plaintiffs moved for leave to amend their petition and to file a supplemental memorandum and "Jane Doe" affidavit which contained a statement by an anonymous former female member of the HaMasmid Institute who allegedly had observed the relationship between defendant and Cynthia as well as between defendant and Phillip.

Following a hearing on defendant's and intervenors' motions, the trial court dismissed the cause of action, concluding that a writ of *habeas corpus* was not the appropriate legal remedy to try a case involving mind control. The trial court stated that the appropriate remedy, if any, is a petition under the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1983, ch. 91½, par. 1—100 *et seq.*) or a petition in the probate court for appointment of a guardian. Further, the court found that actual or physical restraint, which had not been alleged by plaintiffs, is necessary to invoke a court's jurisdiction in *habeas corpus.*

Plaintiffs then filed an amended complaint, alleging physical restraint by mental means as well as irreparable harm, and seeking, al-

ternatively, *habeas corpus* or equitable relief. Defendant and intervenors moved to dismiss the amended complaint for failure to state a cause of action. Following extensive oral arguments, the trial court dismissed the amended complaint without prejudice to file in probate or mental health court. Plaintiffs' timely appeal followed.

On appeal, plaintiffs contend that the trial court erred in dismissing the amended complaint. With respect to count I, plaintiffs argue that physical restraint by mental means is a recognized ground for *habeas corpus* relief which, at the very least, entitles them to an evidentiary hearing.

■ At common law, the writ of *habeas corpus* was a highly prerogative form of relief, the purpose for which was to allow the speedy release of persons who were illegally deprived of their liberty. (See *People ex rel. Burbank v. Irving* (1982), 108 Ill. App. 3d 697, 439 N.E.2d 554.) In order to state a cause of action in *habeas corpus*, petitioner must allege a *prima facie* case of unlawful restraint. (Ill. Rev. Stat. 1983, ch. 110, par. 10—102; see *United States v. Ju Toy* (1980), 198 U.S. 253, 49 L. Ed. 1040, 25 S. Ct. 644.) Thus, mere allegations of physical restraint, whether by mental or physical means, are insufficient unless supported by factual allegations of illegality.

It is axiomatic that when considering a motion to dismiss, all well-pleaded facts are admitted as true and all surplusage and conclusory allegations are disregarded. (See *Allstate Insurance Co. v. Winnebago County Fair Association, Inc.* (1985), 131 Ill. App. 3d 225, 475 N.E.2d 230; *Teeple v. Hunziker* (1983), 118 Ill. App. 3d 492, 454 N.E.2d 1174.) Accordingly, pleadings which state mere conclusions and characterize acts rather than set forth facts are insufficient to state a cause of action. *People v. Patrick J. Gorman Consultants, Inc.* (1982), 111 Ill. App. 3d 729, 444 N.E.2d 776.

■ In the present case, upon review of the pleadings, it is our opinion that count I of plaintiffs' amended complaint is replete with vague allegations, characterizations and conclusions and lacks the necessary well-pleaded facts to support an allegation of unlawful restraint. Plaintiffs allege that defendant has (1) taken control of both Cynthia's and Phillip's autonomy, mind, judgment and will; (2) impaired their cognitive functioning; (3) imposed acts of compulsion upon Cynthia such as strict obedience, performance of menial work, sexual intercourse, denial of communication with family and friends, submission to humiliating physical and verbal discipline; (4) regulated, controlled and isolated Phillip; (5) required Phillip to quit his job; and (6) forced Phillip to engage in illicit and unlawful activities. We find that the aforementioned conclusory allegations are insufficient in themselves to constitute a

*prima facie* showing of unlawful restraint, and conclude that plaintiffs have failed to state a cause of action for *habeas corpus* relief. Our decision is buttressed by the fact that Cynthia and Phillip expressly stated in their affidavits that they are voluntary members of the HaMasmid Institute and have not been subjected to punishment, restraint or sexual abuse by defendant. It is well established that *habeas corpus* relief is not applicable to an adult who voluntarily remains in his or her environment. *Cf. People ex rel. Drury v. Catholic Home Bureau* (1966), 34 Ill. 2d 84, 212 N.E.2d 507.

In addition, we do not find that the affidavits of the clinical psychologists and sociologist submitted by plaintiffs lend the necessary factual support to plaintiffs' allegations of mind control. By their own admission, neither Dr. Singer nor Dr. Ofshe had ever met with Cynthia or Phillip. Dr. Miller had met with Cynthia for approximately 20 minutes and with Phillip for less than five minutes on one occasion immediately following the October 20 hearing. Further, we find the "Jane Doe" affidavit equally unpersuasive on the grounds that it merely characterizes alleged conduct and sets forth vague allegations.

With respect to count II of plaintiff's complaint which sought equitable relief predicated upon irreparable harm, plaintiffs realleged the vague and conclusory allegations of count I, adding only that "Cynthia and Phillip are suffering irreparable harm of a continuing nature" and that they are without an adequate remedy at law. In our view, plaintiffs' claim of irreparable harm fails to sufficiently specify a legally cognizable harm upon which relief can be granted. (See *People v. Patrick J. Gorman Consultants, Inc.* (1982), 111 Ill. App. 3d 729, 444 N.E.2d 776.) Regarding the availability of an adequate remedy at law, we concur with the trial court that mental issues are more appropriately brought before the mental health court for a determination of mental competency pursuant to the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1983, ch. 91½, par. 1—100 *et seq.*) or before the probate court pursuant to section 11a—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 11a—3). While we are cognizant of plaintiffs' genuine concern for the well-being of their adult children, we find that the pleadings fail to establish a cause of action for which relief can be granted.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.