EVERARDO FUENTES, Plaintiff-Appellant, v. LEAR SIEGLER, INC., Defendant-Appellee.

Second District No. 2—87—1201

Opinion filed September 27, 1988.—Rehearing denied October 27, 1988.

Jose A. de la Vara, of Robert P. Booth, Ltd., of North Aurora, for appellant.

Daniel P. Purdom, Kathleen T. Zellner, and D. Kendall Griffith, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Wheaton, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Everardo Fuentes, appeals from an order of the circuit court of Du Page County granting defendant, Lear Siegler, Incorporated, summary judgment. Plaintiff brought this action alleging that defendant discharged him in retaliation for pursuing a worker's compensation claim. Plaintiff contends on appeal that defendant's motive for discharging him constituted a genuine issue of material fact precluding summary judgment. We affirm.

Plaintiff applied to defendant for an entry level position as a slitter saw operator on July 30, 1984. According to plaintiff's deposition, plaintiff began training on August 1, 1984, and was injured on the next day. On August 2, 1984, plaintiff observed the foreman feeding foam into an operating slitter saw. After demonstrating the procedure for several hours, the foreman told plaintiff to continue loading the saw by himself because the foreman had other work. Plaintiff successfully loaded the foam into the saw two or three times. In the process, he observed that several holes on the saw table were uncovered. According to plaintiff, he went behind the machine the way the foreman had previously done and pulled the foam, giving it a "strong tug" in order to cover the holes. The foam broke, and plaintiff's hand was injured when it went against the blade.

On August 3, 1984, plaintiff spoke to Caren Goloff, defendant's personnel officer. Plaintiff demonstrated how he was injured but did not answer Goloff when she asked him why he went to the back of the saw. Plaintiff understood that he could return to work if he was medically authorized. Plaintiff told Goloff that he did not want defendant to give him money, that his hand was fine, and that he was willing to perform light duty work. Goloff told him not to worry because defendant would pay all his costs relating to the accident and would contact him.

On August 9, 1984, plaintiff received a letter from defendant notifying him that he was terminated as of August 3, 1984, for "violation of one of [defendant's] biggest safety rules and [plaintiff's] admission in that regard." Defendant's termination report indicated that plaintiff "broke a safety rule that results in immediate termination." The correspondence requested plaintiff to forward his medical bills to defendant. Also enclosed were instructions regarding the procedure to file a worker's compensation claim. An investigation report

stated that the cause of the accident was plaintiff's failure to follow recognized and established methods. The report indicated that plaintiff had been told many times not to go behind the saw but did so on his own to move some foam.

Plaintiff brought the instant action alleging that he was discharged in retaliation for pursuing his right to worker's compensation. Defendant moved for summary judgment, and the trial court granted defendant's motion. In so ruling, the court stated that it found no' facts from the evidence before it that plaintiff was discharged for pursuing a worker's compensation claim. Plaintiff brought this timely appeal.

■ Initially, it should be noted that Illinois does not require a plaintiff to plead that he was discharged for *filing* a worker's compensation claim. (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 185.) Rather, it is sufficient that the plaintiff establish that he was discharged *in anticipation* of his filing a worker's compensation claim. (*Richardson v. Illinois Bell Telephone Co.* (1987), 156 Ill. App. 3d 1006, 1011.) Thus, the fact that no claim had been filed prior to plaintiff's termination has no bearing on this case.

In its motion for summary judgment, defendant argued that it did not know that plaintiff anticipated filing a worker's compensation claim. Rather, defendant asserted that plaintiff was terminated solely for his violation of a safety rule and his admission in that regard. On appeal from the order granting defendant's motion, plaintiff states that the crux of his complaint was that defendant's motion for discharging him was "to discourage him from fully exercising his Worker's Compensation rights." Thus, plaintiff argues that a genuine issue of material fact exists regarding defendant's motive and thereby precludes summary judgment. We disagree.

■ Summary judgment is properly granted if the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Guenther v. G. Grant Dickson & Sons, Inc.* (1988), 170 Ill. App. 3d 538, 541.) The purpose of a summary judgment is not to try an issue of fact but to determine whether a triable issue of fact exists. (*Sloan v. Jasper County Community Unit School District No. 1* (1988), 167 Ill. App. 3d 867, 870.) While a party against whom a motion for summary judgment has been filed need not prove his case at that preliminary stage, he is required to present some factual basis that would arguably entitle him to a judgment in his favor. (*Martin v. 1727 Corp.* (1983), 120 Ill. App. 3d 733, 737.) In cases of retaliatory discharge, the issue of an

employer's motive in discharging an employee should not readily be the subject of summary judgment. *Hugo v. Tomaszewski* (1987), 155 Ill. App. 3d 906, 909-10; see *Palmateer v. International Harvester Co.* (1986), 140 Ill. App. 3d 857, 860.

■■ We have no quarrel with those cases that hold that an employer's motive or intent in discharging an employee is a question of fact not normally subject to summary judgment. (See *Hugo*, 155 Ill. App. 3d at 909-10; *Palmateer*, 140 Ill. App. 3d at 860.) However, plaintiff has not presented any facts by affidavit, deposition, or admission which support an inference that plaintiff was discharged for exercising his right to seek worker's compensation benefits. (See *Armstrong v. Freeman United Coal Mining Co.* (1983), 112 Ill. App. 3d 1020, 1022; *Cunningham v. Addressograph Multigraph Corp.* (1980), 87 Ill. App. 3d 396, 398-99.) In *Cunningham*, the plaintiff brought a retaliatory discharge action against his employer alleging that he was discharged in anticipation of his filing a worker's compensation claim. (*Cunningham*, 87 Ill. App. 3d at 397.) The plaintiff had previously told the defendant that he would be absent from work for one day as the result of a job-related injury. (87 Ill. App. 3d at 397.) However, when the plaintiff missed two additional days without notifying defendant, he was discharged for absenteeism. (87 Ill. App. 3d at 397-98.) The plaintiff acknowledged his violation of the defendant's policy regarding absence but thought that the policy would be waived. (87 Ill. App. 3d at 398.) In affirming the summary judgment entered in favor of the defendant, the court noted that the affidavits on file in that case supported the inference that plaintiff was discharged for violation of the defendant's policy on absence, and the plaintiff's admission in that regard corroborated such an inference. 87 Ill. App. 3d at 398; see also *Armstrong*, 112 Ill. App. 3d at 1022 (relying on *Cunningham* in affirming summary judgment for the employer on the basis that the affidavits on file did not demonstrate the employer's intent to discharge the plaintiff for pursuing his right to worker's compensation).

The record in the instant action clearly indicates that plaintiff had not taken steps to file a claim, nor had he discussed such a claim with defendant prior to his termination. In fact, defendant provided plaintiff with unsolicited information on pursuing such a claim at the same time that defendant notified plaintiff of his termination. Plaintiff did not provide the trial court with any factual basis in response to defendant's summary judgment motion which would present a genuine issue of material fact regarding defendant's motive. Rather, plaintiff's affidavit merely states that he was not aware of the safety

rule that defendant claims he violated and which subjected him to discharge. This does not raise a question of fact regarding defendant's motive for the discharge.

Accordingly, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

REINHARD and DUNN, JJ., concur.